ORIGINAL

FILED

11/09/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA
Case Number: PR 07-0303

## IN THE SUPREME COURT OF THE STATE OF MONTANA

PR 07-0303

FILED

NOV 0 9 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

IN RE PETITION FOR TEMPORARY ADMISSION
TO THE BAR OF THE STATE OF MONTANA OF
ANNA K. SCHNEIDER

O R D E R

Anna K. Schneider has petitioned for temporary admission to the practice of law in Montana. Schneider recently accepted employment with the Office of Consumer Protection for the Montana Attorney General's Office and has applied for admission on motion. Schneider requests temporary admission to practice until she can complete the process of admission on motion. The petition is supported by a Declaration filed by Derek Oestreicher, Chief Legal Counsel for the Attorney General's Office.

We have routinely denied temporary admission to applicants pursuing admission on motion, including applicants who intend to work in public service positions. *See Petition of Gosch*, 07-0303, March 7, 2016; *Petition of Nemeth,* 07-0303, January 16, 2018; *Petition of Weir*, 07-0303, August 20, 2019; *In re Petition of Kathleen L. Smithgall*, 06-0422, May 25, 2021. In *Gosch*, we explained that the Court has made substantial revisions to the rules of admission in recent years to open and streamline the process of entering the practice of law in Montana by admission on motion or by transfer of a Uniform Bar Examination (UBE) score. Those rules are now in effect and applicants are being processed routinely. The Court's intention was that the implementation of these rule revisions would eliminate the necessity for consideration of many of the ad hoc petitions for temporary admission or for waiver of admission requirements that were received in the past.

Granting temporary admission as a matter of course to lawyers intending to seek admission upon motion or by UBE transfer would burden the Court and Clerk of Court with duplicative consideration and processing of each applicant. Further, no system exists to formally monitor those who are admitted temporarily to ensure they are advancing their intention to be admitted on motion or have remained in the employment for which they

sought admission. Because rules now exist for the more expeditious admission of qualified candidates to the practice of law in Montana, we have declined to pursue a practice of granting temporary admission to applicants who intend to seek admission thereunder. As we stated in *Petition of Gosch*, "Temporary admission until sitting for the bar exam may be appropriate in circumstances where a candidate does not qualify for admission on motion or for transfer of a UBE score."

We granted an exception to this consistent practice for the petition of David M.S. Dewhirst in January 2021, on the grounds that the Department of Justice had a new administration following the November 2020 election, that the new Attorney General had "numerous legal matters. . . . that require[d] immediate attention," and that Dewhirst's application for admission on motion would take only "weeks" to complete. *Order, In The Matter of David M.S. Dewhirst*, PR 06-0422, January 8, 2021, p. 1. We conclude those urgent grounds warranting departure from our usual practice are not established here. Therefore,

IT IS HEREBY ORDERED that the petition for temporary admission to the practice of law is DENIED.

The Clerk is directed to provide copies of this order to Petitioner and to the State Bar of Montana.

DATED this _____ day of November, 2022.

_____
Chief Justice

_____

_____

_____

2

_____

_____

_____
Justices